**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

SHAWN L. WELLS,

                Plaintiff,

         v.                                        15-CV-0334-A
                                                                    **ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

_____

Plaintiff's attorney has filed a motion for approval of his fee pursuant to 42 U.S.C. § 406(b). Before approving counsel's fee, the Court must perform an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After its independent check, and for the reasons stated below, the Court concludes that counsel's requested fee of $26,707 would amount to a windfall. The Court accordingly awards counsel $21,707, which the Court finds to be a "reasonable fee" under the circumstances of this case.

**BACKGROUND**

On April 16, 2015, counsel filed a complaint in this Court pursuant to 42 U.S.C. § 405(g). The complaint sought review of the Commissioner's decision denying Plaintiff's application for Social Security benefits. *See* Docket No. 1. After counsel filed a motion for judgment on the pleadings, and after counsel advocated that the Commissioner agree to voluntarily remand this case, the parties agreed to a voluntary remand without further

1

briefing. Docket No. 14. In June 2016, the parties stipulated that, under the Equal Access to Justice Act (EAJA), counsel was entitled to fees and expenses totaling $5,367.

On remand, the Administrative Law Judge issued a decision in favor of the Plaintiff. The Commissioner, however, withheld 25 percent of the Plaintiff's past-due benefits (totaling $26,707) for possible attorneys' fees.

Counsel then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. Counsel's motion seeks the $26,707 that the Commissioner has withheld from the Plaintiff's past-due benefits. Counsel states that, if he is awarded the fee he seeks, he will, as required by statute, refund his $5,367 EAJA fee to his client. *See* Docket 19-1 ¶ 20. *See also Gisbrecht*, 535 U.S. at 796. In support of his § 406(b) motion, counsel includes his billing records for this case, which show that he spent 29.3 hours on his representation of the Plaintiff before the Court. *See* Docket No. 19-1 ¶ 15.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent

that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

3

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

### B. Whether counsel's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of counsel's requested fee. The Commissioner states that she sees no evidence of fraud or

4

overreaching, but she argues that counsel's requested fee would amount to an effective hourly rate of $911.50 and should therefore be reduced.[1]  Docket No. 21.  Given the facts of this case, the Court agrees that counsel's requested fee would constitute a windfall.

The Court is mindful that counsel's requested fee is large only because the Plaintiff's past-due benefits award was more than $100,000.  Put in that context, counsel's requested fee cannot be said to be unreasonable; indeed, the Supreme Court has directed district courts to judge the reasonableness of attorney fee awards, in part, by considering "the character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at 808.  But for counsel's skill and experience in identifying a dispositive legal error in the ALJ's decision, the Plaintiff likely would not have recovered *any* past-due benefits.  Counsel's advocacy (both before the Court and in front of counsel for the Commissioner) short-circuited what would likely have otherwise been lengthy litigation that would have accomplished the same goal—remand to the Commissioner—but with a higher past-due benefits award and a correspondingly higher fee request.  In other words, although counsel's requested fee is large, counsel's skill and expertise likely prevented the fee from being even larger.

At the same time, however, the Court must consider several countervailing factors.  First, and most significantly, counsel's work before the Court consisted primarily of filing a motion for judgment on the pleadings.  The Court in no way diminishes the importance of this work; to the contrary, as noted above, the effectiveness of counsel's motion likely

---

[1] Fees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.  Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798 n.6.

5

prevented the Plaintiff's recovery from being any higher. But the Court cannot ignore that this case did not follow the normal course of litigation for a Social Security appeal in this District—that is, a motion for judgment on the pleadings followed by a reply brief and, possibly, objections to the magistrate judge's report and recommendation. In other words, this case did not involve as much work as the typical Social Security appeal. This fact is reflected in counsel's billing records, which show that he spent 29.3 hours on his representation of the Plaintiff before the Court, as well as the fact that counsel previously stipulated to an EAJA award of $5,367 for the same work at issue in his § 406(b) motion. Section 406(b), of course, does not authorize the Court to engage in "satellite litigation," *Gisbrecht*, 535 U.S. at 808, and the Court does not intend to suggest that counsel's *de facto* hourly rate is too high; rather, the Court simply finds that the fee counsel has sought is "large in comparison to the amount of time counsel spent on the case." *Id. See also id.* (noting that a district court "may require the claimant's attorney to submit, not as a basis for satellite litigation, *but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement*, a record of the hours spent representing the claimant") (emphasis added). The Court therefore concludes that counsel's requested fee should be reduced.

The Court, however, limits the size of the fee reduction after considering the Second Circuit's reminder that a contingency agreement, which is the basis for the fee counsel requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under

§ 406(b), the Court is very cognizant of the fact that counsel assumes the risk of nonpayment in all of his Social Security matters. The factor weighs in favor of a relatively small reduction in counsel's requested fee.

After considering these facts, the Court concludes that counsel's requested $26,707 fee would amount to a "windfall." *Wells*, 907 F.2d at 372. The Court concludes, instead, that a fee of $21,707 is reasonable under all the circumstances of this case, and that such a fee reasonably compensates an attorney with counsel's experience in handling Social Security claims. The Court's reduction of counsel's fee is in no way a reflection of counsel's skill or the quality of his work.

## CONCLUSION

Counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted in part. The Court finds that counsel is entitled to recover $ 21,707 for his work on this case. Thus, the Commissioner shall release to Lewis Schwartz, Esq. $21,707 of the $26,707.00 she has withheld from the Plaintiff's award. Further, counsel shall refund his $5,367 EAJA fee to the Plaintiff. *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**SO ORDERED.**


Dated: November 19, 2018            *s/Richard J. Arcara*
   Buffalo, New York             HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE